2010 UT App 199

**Marlene STONE, Plaintiff and Appellee,**

v.

**Richard FLINT and Judy Flint, Defendants and Appellants.**

**No. 20090564-CA.**

Court of Appeals of Utah.

July 22, 2010.

David B. Stevenson and Brad C. Smith, Ogden, for Appellants.

Robert L. Neeley, Ogden, for Appellee.

Before Judges McHUGH, ORME, and VOROS.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendants initially argue that the Real Estate Purchase Contract (the REPC) and Bill of Sale's use of the term "all" preceding a list of ranch equipment[1] was facially ambiguous because it could mean either all the equipment on the two-acre homesite or all the equipment on the seventeen acres initially offered for sale. "Whether a contract is ambiguous is a question of law, which we ... review for correctness." *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 16, 215 P.3d 933.

Under well-accepted rules of contract interpretation, we look to the language of the contract to determine its meaning and the intent of the contracting parties. We also "consider each contract provision ... in relation to all of the others, with a view toward giving effect to all and ignoring none." Where "the language within the four corners of the contract is unambiguous, the parties' intentions are determined

---

1. This equipment included sheds, panels, gates, feeders, waterers, and a horse walker.

from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law." Only if the language of the contract is ambiguous will we consider extrinsic evidence of the parties' intent.[2] We have explained that "ambiguity exists in a contract term or provision if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies."

*Café Rio, Inc. v. Larkin–Gifford–Overton, LLC,* 2009 UT 27, ¶ 25, 207 P.3d 1235 (omission in original) (citation footnotes omitted). *See Doctors' Co. v. Drezga,* 2009 UT 60, ¶ 12, 218 P.3d 598; *Bodell Constr. Co.,* 2009 UT 52, ¶ 19, 215 P.3d 933; *Saleh v. Farmers Ins. Exch.,* 2006 UT 20, ¶ 17, 133 P.3d 428 (stating that "words and phrases do not qualify as ambiguous simply because one party seeks to endow them with a different interpretation according to his or her own interests").

¶ 2 The REPC stated that the "Property" was located at 6006 South 7100 West,[3] but more specifically "described [the Property] as: (2) two Acres w[ith] Horse barn & Hay Barn." Although the exact boundaries had not been surveyed and staked at the time the parties signed the REPC, the REPC clearly created a contract for the sale of only the two-acre homesite that the Defendants intended to purchase, not the entire seventeen acres. Thus, it is the two-acre homesite, inclusive of the two barns, that constituted the "Property." The REPC's Addendum One[4] refers to the Property and then lists the additional items to be included in the sale as "[a]ll lounging/loafing sheds—Panels, Gates, feeders/Waterers & Horse Walker as presently exist"—not in the world at large, of course, but on the Property to be sold. *Cf. Flores v. Earnshaw,* 2009 UT App 90, ¶ 14, 209 P.3d 428 (determining that because the contract's unambiguous language stated that only items "presently owned and attached to the Property" were included in the sale and because the condominium unit had yet to be built, nothing was "attached," so only the shell of the condominium unit was sold by the contract) (internal quotation marks omitted).

¶ 3 Not only is the REPC's Addendum One unambiguous, it is also consistent with other REPC provisions. *See generally Café Rio,* 2009 UT 27, ¶ 25, 207 P.3d 1235 ("We also 'consider each contract provision ... in relation to all of the others, with a view toward giving effect to all and ignoring none.'") (omission in original) (citation footnote omitted). REPC paragraph 1.1 states that the "fencing" that is "presently owned and attached to the Property" is included in the sale. This is consistent with Addendum One, which provides that the panels and gates that presently exist on the Property are included in the sale. Simply stated, because the Property that was the subject of the REPC was limited to the two-acre homesite, the references in the REPC relating to what presently existed could only have referred to what currently existed on the two acres.

¶ 4 The Bill of Sale also contained language that was unambiguous and consistent with the REPC.[5] The Bill of Sale memorialized the sale of "All Lounging and Loafing

---

2. Extrinsic evidence can also be considered for the limited purpose of determining whether ambiguity exists, but any "interpretations argued for must be 'reasonably supported by the language of the contract.'" *Daines v. Vincent,* 2008 UT 51, ¶ 30, 190 P.3d 1269 (quoting *Ward v. Intermountain Farmers Ass'n,* 907 P.2d 264, 268 (Utah 1995)).

3. At the time the REPC was entered into, as well as at the time the Bill of Sale was prepared, this address was used as the address for the entire seventeen acres. However, that address was later restricted to the two-acre homesite and a different address was assigned to the remaining fifteen acres. Although touched on in oral argument, the contention that use of the street address in the Bill of Sale itself created ambiguity was not argued by Defendants in their briefs on appeal. Nor do the briefs deal with the question of whether, in rural areas, a street address, sometimes also known as a house number, is viewed as appertaining only to a homesite or whether it is also understood as referring to surrounding agricultural acreage.

4. Paragraph 9 of the REPC incorporates the addenda into the REPC.

5. Clearly, the Bill of Sale was the title company's attempt to memorialize the parties' existing agreement to include some personal property in the sale and not some new agreement for the sale of additional items of personal property for which new consideration had been given.

Sheds, Panels, Gates[,] Feeders, Waterers, and Horse Walker as presently exist" and are "now at" 6006 South 7100 West.

¶ 5 The record is unclear on when the address for the fifteen acres was changed. *See supra* note 3. At trial, Defendants attempted to clarify the exact date on which the city assigned a new address to the remaining fifteen acres. The trial court cut the questioning short, seeing no relevancy, and engaged Defendants' counsel in dialogue during which Defendants' counsel eventually conceded that it was always understood "that the [6006 South 7100 West] street address would remain with the home" once the home-site property was sold to Defendants.[6] Because the Bill of Sale was signed on the date the two-acre homesite was sold to Defendants, and was intended to memorialize the already agreed-upon transfer of personal property, the address in the Bill of Sale unambiguously related to the two acres Defendants purchased.[7] Therefore, the trial court did not err in determining that the terms of the REPC and Bill of Sale were clear and unambiguous.[8]

¶ 6 Finally, Defendants argue that the trial court excluded certain relevant facts from its findings of fact. Because Defendants challenge the adequacy of the trial court's findings, they were required to preserve the argument for appeal by objecting on this basis, pointing out to the trial court that the findings were inadequate. *See In re*

*K.F.*, 2009 UT 4, ¶¶ 4, 60–63, 201 P.3d 985 (reaffirming the holding in *438 Main Street v. Easy Heat, Inc.*, 2004 UT 72, 99 P.3d 801, which requires a party to object to the adequacy of the factual findings at the trial court level to preserve the argument for appeal). Defendants' brief does not point out where any such objection was made,[9] *see* Utah R.App. P. 24(a)(5)(A), and thus, we do not address this argument further.

¶ 7 Because Plaintiff was awarded attorney fees below and has prevailed on appeal, we grant her request for attorney fees on appeal. *See Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980) (holding "that a provision for payment of attorney's fees in a contract includes attorney's fees incurred by the prevailing party on appeal as well as at trial"). We remand to the trial court to determine the amount of attorney fees reasonably incurred by Plaintiff on appeal.

¶ 8 Affirmed.

¶ 9 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and J. FREDERIC VOROS JR., Judge.

---

6. This is consistent with the trial court's factual findings and Defendants' appellate brief, both of which state that Defendants "assumed the original address 6006 S. 7100 W. in Hooper, Utah upon the purchase (i.e. at closing) of [Plaintiff's] home and two acres." However, during oral argument before this court, Defendants suggested that when the address was changed might have some bearing on the Bill of Sale's ambiguity. Because this argument was not raised in Defendants' brief, we do not consider it further. *See* Utah R.App. P. 24(a)(9).

7. Defendants also claim the Bill of Sale and Addendum One are ambiguous based on extrinsic evidence that the horse walker was not located on the two acres, despite a finding that part of the horse walker was located on the two acres. This is a close call. The horse walker was connected by electrical wires to a barn on the two acres. Its design necessitated that at any given

time, one or more of the arms would extend over the boundary line and into the airspace of the two acres. The base of the horse walker was so close to the two acres that when horses were connected to the overhanging arms, their circular route took them partially over the two acres. While the finding in question may be a bit of an overstatement, the horse walker's location at the boundary between the fifteen acres and the two acres makes it unique among the items mentioned, and thus, it being mentioned specifically does not render the Bill of Sale ambiguous.

8. As recognized at oral argument, this determination forecloses any need to consider whether the testimony of two of Defendants' witnesses was properly excluded.

9. The record citations given to support preservation are testimony about the agreement and about the location of items at the time of sale.